IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYVIA FERRIERA TOLEDO,<br><br>        Petitioner,<br><br>   v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>        Respondents.<br>_____/ | No. C-09-0239 MMC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

    Before the Court is petitioner's "Motion for Preliminary Injunction and for Emergency Temporary Restraining Order," filed January 20, 2009, by which motion petitioner seeks an order "temporarily staying [petitioner's] removal until such time as the court has considered the merits of her claim – or until the BIA [Board of Immigration Appeals] has adjudicated her motion to reopen." (See Mot. at 4.) Having read and considered the motion, the Court rules as follows.

    Preliminary injunctive relief is only available to one "who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in [plaintiff's] favor." See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "As an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id. (internal quotation and citations omitted). Here, as

set forth below, petitioner has failed to demonstrate this "irreducible minimum" with respect to either of the two claims in her petition for a writ of habeas corpus.

Petitioner's first claim is that she was provided ineffective assistance of counsel in the period after the issuance of a final order for her removal, in January 2003. Specifically, petitioner alleges, after the Board of Immigration Appeals ("BIA") denied her appeal, petitioner's counsel (1) "never explained the importance of a timely motion to reopen," (2) "never explained [the] impact of the timing of marriage to a US citizen," (3) "never once explained to the [p]etitioner the effect of an overstay of the voluntary departure period," and (4) "never explained the importance of compliance with the voluntary departure period." (See Pet. at 1-2.)

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced" the petitioner's case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Assuming, arguendo, the performance of petitioner's counsel was deficient, petitioner has failed to show "a fair chance of success on the merits, or questions serious enough to require litigation" on the issue of prejudice. See Arcamuzi, 819 F.2d at 937.

With respect to petitioner's first two allegations of ineffective assistance, petitioner has failed to argue, let alone to present any evidence to support a finding, that any ground for a motion to reopen existed during the period in which such motion would have been timely. Specifically, petitioner does not argue that she was married during the period in question[1] or that, had she known the "impact of the timing of marriage to a US citizen" (see Pet. at 1) she would have (a) sought to get married during such period and (b) obtained both the consent of one of her parents and the approval of a court to such marriage (see Cal. Fam. Code § 302 (2004) (providing minor is capable of consenting to and consummating marriage if both "written consent" of one of minor's parents or guardian and

---

[1] In her motion to reopen currently pending before the BIA, petitioner asserts she and her current husband, a United States citizen, "were married in August of 2005." (See Pet. Ex. 7, at unnumbered 3.)

2

1  court order are filed with county clerk).²

2  With respect to petitioner's third and fourth allegations of ineffective assistance,
3  petitioner has failed to argue, or to present any evidence to support a finding, that had she
4  known the "effect" or "importance" of an overstay of the voluntary departure period (see
5  Pet. at 1-2), she would have left the country during such period.

6  Accordingly, petitioner is not entitled to preliminary injunctive relief on her first claim.

7  Petitioner's second claim is that "USICE [United States Immigration and Customs
8  Enforcement] improperly denied her request for a stay fo removal" in December 2008.
9  (See Pet. at 2.)  Such denial, however, is "not appealable," see 8 C.F.R. § 241.6(b), and,
10 consequently, petitioner is not entitled to preliminary injunctive relief on such claim, for the
11 reason that the Court lacks subject matter jurisdiction over the claim.³

12 Accordingly, the instant motion is hereby DENIED.

14 **IT IS SO ORDERED.**

16 Dated: January 21, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

²The current version of California Family Code § 302, which became effective January 1, 2008, does not require parental consent for a minor to be capable of consenting to or consummating marriage. See Cal. Fam. Code § 302. The version of § 302 in effect in 2003, however, did require such consent. See Cal. Fam. Code § 302 (2004).

³The Court notes that petitioner, in her motion to reopen currently pending before the BIA, has included a request for a stay of removal. (See Pet. Ex. 7, at unnumbered 15); see also 8 C.F.R. § 241.6(b) (providing denial of stay of removal by USICE "shall not preclude an immigration judge or the Board from granting a stay in connection with a previously filed motion to reopen").