IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYVIA FERRIERA TOLEDO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　／ | No. C-09-0239 MMC<br><br>**ORDER DISMISSING PETITION; AFFORDING PETITIONER OPPORTUNITY TO FILE AMENDED PETITION** |

Before the Court is petitioner Lyvia Ferriera Toledo's ("Toledo") petition for a writ of habeas corpus, filed January 20, 2009 pursuant to 28 U.S.C. § 2241.[1]

**BACKGROUND**

The following facts are taken from the petition and attachments thereto, and are assumed true for purposes of the instant order.

Toledo is a citizen of Brazil. She entered the United States in 1990 and overstayed her visa. (See Pet. at 1.) In 1999, she was ordered removed (see id. Ex. 7, at unnumbered 2), and, in January 2003, her appeal to the Board of Immigration Appeals ("BIA") was denied (see id. at 1). At the time of the denial of her appeal to the BIA, Toledo was in a "relationship" with a United States citizen, whom she subsequently married. (See

---

[1] Concurrently with her petition, Toledo filed a "Motion for Preliminary Injunction and for Emergency Temporary Restraining Order." On January 21, 2009, the Court denied said motion. (See Order filed Jan. 21, 2009, at 3.)

1  id. at 1-2.)  During the 90-day period following the denial of her appeal, in which period a
2  motion to reopen before the BIA would have been timely, Toledo did not file such a motion.
3  (See id. at 1.)  On December 16, 2008, however, Toledo filed a motion to reopen (see id. at
4  2), in which she asserts she is entitled to relief on the grounds of (1) her marriage to a
5  United States citizen and (2) her alleged receipt of ineffective assistance of counsel before,
6  during, and after her appeal to the BIA (see id. Ex. 7, at unnumbered 5-6).  Said motion is
7  currently pending before the BIA.  (See id. at 2.)

8       After the filing of her motion to reopen, Toledo submitted an Application for Stay of
9  Deportation or Removal, on form I-246 ("I-246"), to United States Citizenship and
10  Immigration Enforcement ("USICE").  (See id.)  On December 23, 2008, Toledo's I-246 was
11  denied.  (See id.)  Currently, Toledo is a participant in USICE's Intensive Supervision
12  Appearance Program, pursuant to which she must complete monthly visits with her case
13  specialist, provide her case specialist with her weekly schedule, submit to unscheduled
14  home visits, and "participate in electronic monitoring."  (See id. Ex. 5, at unnumbered 6.)

15  **DISCUSSION**

16       A district court may entertain a petition for a writ of habeas corpus where the
17  petitioner alleges she "is in custody in violation of the Constitution or laws or treaties of the
18  United States."  See 28 U.S.C. § 2241(c)(3).  A district court shall "award the writ or issue
19  an order directing the respondent to show cause why the writ should not be granted, unless
20  it appears from the application that the applicant or person detained is not entitled thereto."
21  See 28 U.S.C. § 2243.  "If it plainly appears from the petition and any attached exhibits that
22  the petitioner is not entitled to relief in the district court, the judge must dismiss the petition
23  and direct the clerk to notify the petitioner."  See Rules Governing Section 2254 Cases in
24  the United States District Courts, Rule 4; see also id. Rule 1(b) (providing "[t]he district
25  court may apply any or all of these rules to a habeas corpus petition not [filed under 28
26  U.S.C. § 2254]").

27      **1.**    **Ineffective Assistance of Counsel**
28       Toledo's first claim is that, in the 90-day period after the denial of her appeal to the

1 BIA, she was provided ineffective assistance of counsel.  Specifically, Toledo alleges, her
2 counsel (1) "never explained the importance of a timely motion to reopen," (2) "never
3 explained [the] impact of the timing of marriage to a US citizen," (3) "never once explained
4 to the [p]etitioner the effect of an overstay of the voluntary departure period," and (4) "never
5 explained the importance of compliance with the voluntary departure period."  (See Pet. at
6 1-2.)

7 "A claim of ineffective assistance of counsel must allege that (1) counsel's
8 performance fell below an objective standard of reasonableness, and (2) a reasonable
9 probability exists that, but for counsel's error, the result of the proceedings would have
10 been different."  See Baja v. Ducharme, 187 F.3d 1075, 1079 (9th Cir. 1999) (citing
11 Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Assuming, arguendo, the
12 performance of Toledo's counsel was deficient, Toledo has failed to allege she suffered any
13 prejudice thereby.

14 With respect to Toledo's first two allegations of ineffective assistance, Toledo has
15 failed to allege that any ground for a motion to reopen existed during the period in which
16 such motion would have been timely.  Specifically, Toledo does not allege she was married
17 during the period in question or that, had she known the "impact of the timing of marriage to
18 a US citizen" (see Pet. at 1) she would have (a) sought to get married during such period
19 and (b) obtained both the consent of one of her parents and the approval of a court to such
20 marriage (see Cal. Fam. Code § 302 (2004) (providing minor is capable of consenting to
21 and consummating marriage if both "written consent" of one of minor's parents or guardian
22 and court order are filed with county clerk).[2]

23 With respect to Toledo's third and fourth allegations of ineffective assistance, Toledo
24 has failed to allege that had she known the "effect" or "importance" of an overstay of the
25 voluntary departure period (see Pet. at 1-2), she would have left the country during such

---

[2] The current version of California Family Code § 302, which became effective January 1, 2008, does not require parental consent for a minor to be capable of consenting to or consummating marriage.  See Cal. Fam. Code § 302.  The version of § 302 in effect in 2003, however, did require such consent.  See Cal. Fam. Code § 302 (2004).

period.  Further, it is unclear when, if ever, Toledo was entitled to such voluntary departure.

Accordingly, Toledo's first claim will be dismissed.  The Court, however, will afford Toledo an opportunity to file an amended petition curing the deficiencies noted herein.

**2.     Stay of Removal**

Toledo's second claim is that "USICE improperly denied her request for a stay of removal" in December 2008.  (See Pet. at 2.)  Such denial, however, is "not appealable," see 8 C.F.R. § 241.6(b), and, consequently, such claim will be dismissed without leave to amend, for the reason that the Court lacks subject matter jurisdiction over the claim.[3]

### CONCLUSION

For the reasons stated above:

1. Toledo's first claim is hereby DISMISSED with leave to amend.

2. Toledo's second claim is hereby DISMISSED without leave to amend.

3. Any Amended Petition shall be filed no later than February 27, 2009.

4. The Clerk of the Court shall serve a copy of this order upon Toledo.

**IT IS SO ORDERED.**

Dated:  January 30, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] The Court notes that Toledo, in her motion to reopen currently pending before the BIA, has included a request for a stay of removal.  (See Pet. Ex. 7, at unnumbered 15); see also 8 C.F.R. § 241.6(b) (providing denial of stay of removal by USICE "shall not preclude an immigration judge or the Board from granting a stay in connection with a previously filed motion to reopen").

4